**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-60856
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARK A. NECAISE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CR-27-1

Before DAVIS, GARZA, and PRADO, Circuit Judges:

PER CURIAM:[*]

Mark A. Necaise appeals the 121-month sentence imposed following his guilty plea conviction for distribution of methamphetamine and conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846. He challenges the district court's denial of a two-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.

Because, as Necaise concedes, he did not object to this issue in the district court, review of this question is for plain error. *United States v. Medina-*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In the instant case, Necaise attempted to escape from the Madison County Detention Center, which resulted in an enhancement for obstruction of justice. Conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, comment. (n.4); *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir.), *cert. denied*, 128 S. Ct. 2452 (2008). Necaise argues that his severe emotional problems, as evidenced by his psychiatric treatment and suicide attempt, constitute an "extraordinary case" that warrants a reduction for acceptance of responsibility notwithstanding the enhancement for obstruction of justice. However, we discern no reversible plain error in light of the applicable law and facts of this case.

The judgment of the district court is AFFIRMED.